UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARY J. RICHARDSON,
          *Plaintiff-Appellant,*

v.

RICHLAND COUNTY SCHOOL DISTRICT
NUMBER ONE,
          *Defendant-Appellee.*

No. 02-1241

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-00-2475)

Submitted: November 18, 2002

Decided: December 12, 2002

Before MICHAEL and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Herbert E. Buhl, III, Columbia, South Carolina, for Appellant. Donna
Seegars Givens, Darra James Vallini, WOODS & GIVENS, L.L.P.,
Lexington, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary J. Richardson filed an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17 (2000), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000), alleging Richland County School District Number One ("Richland County") discriminated against her because of her race and age, that Richland County's actions against her constituted a hostile work environment, and that she was retaliated against for complaining about the conditions. Richland County moved for summary judgment, and after a hearing, the magistrate judge recommended granting summary judgment to Richland County. Richardson objected, and the district court adopted the recommendation of the magistrate judge. Finding no error, we affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Because motive is often the critical issue, courts must take "special care" in considering summary judgment in a discrimination case. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996). Summary judgment remains proper if Richardson cannot prevail as a matter of law. *Id.*

Richardson alleged Richland County discriminated against her because of her race and age by giving her an undesirable classroom assignment, not giving her a new computer during the first round of distribution, not giving her keys to a classroom, and by assigning her the task of correcting over 350 records. To establish a prima facie

case of discrimination Richardson must demonstrate: (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she met her employer's legitimate job expectations at the time of the adverse employment action; (4) the adverse employment action occurred under circumstances that raised an inference of unlawful discrimination. *See EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 n.2 (4th Cir. 2001); *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 609 (4th Cir. 1999); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (assuming *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), framework applies to ADEA claim).

If Richardson establishes a prima facie case, the burden shifts to Richland County to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Reeves*, 530 U.S. at 142. Richardson must show by a preponderance of the evidence the employer's proffered reason was a pretext for illegal discrimination. *Id.* at 143.

The parties do not contest Richardson was a member of a protected class and was meeting Richland County's legitimate job expectations. An adverse employment action requires actions having an adverse effect on the terms, conditions, or benefits of employment. *Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001). We conclude Richardson's complaints concerning room assignment, availability of a key, and allocation of new computers fail because they are not adverse employment actions. As to Richardson's claim that she was required to correct certain records, even if Richardson has shown a prima facie case as to this claim, Richland County offered a legitimate non-discriminatory reason for assigning Richardson this task: that Richardson was previously in charge of those records. The district court thus properly granted summary judgment as to this claim.

Richardson also argues she was subjected to a hostile work environment. To state a claim for hostile work environment, Richardson must demonstrate:

> (1) the harassment was unwelcome; (2) the harassment was based on [her] race or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employ-

> ment and create an abusive atmosphere; and (4) there is
> some basis for imposing liability on the employer.

*Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). We conclude, taking the evidence in the light most favorable to Richardson, Richardson has not shown Richland County's conduct objectively created an abusive work environment.

Lastly, Richardson states Richland County retaliated against her for filing a complaint regarding her work conditions with the acting superintendent. Richardson has not presented any evidence that she informed Richland County that her complaints were based on race or age discrimination; therefore Richardson cannot show she engaged in protected activity. *See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 291-92 (2d Cir. 1998) (finding the employer must be made aware that the employee's complaint is based on Title VII prohibited discrimination); *see generally Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999) (analyzing protected activity in Title VII retaliation claim).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*